**Greathouse v. Greathouse**

*Susan M. Papa*, for plaintiff.
*Michael G Dailey*, for defendant.

HODGE, *J.*, August 6, 2013—Before the court for disposition are competing petitions for contempt filed on behalf of the plaintiff, Heather D. Greathouse (hereinafter, "mother"), and the defendant, Stanley L. Greathouse, III (hereinafter, "father"). The court has also been presented

with a motion to compel production of documents filed on behalf of father. Prior to disposing of the pending petitions and motions, the court will summarize the relevant procedural and factual background of this case.

Mother and father were married on June 23, 2001. During the course of their marriage, the parties had two minor children, Paydon A. Greathouse, born November 15, 2003, and Timothy J. Greathouse, born March 12, 2006. Mother initiated the instant action on May 8, 2009 by filing a complaint in divorce. Mother subsequently filed a petition for custody on September 2009. The parties have remained separated throughout the duration of this action. The current custody order, dated January 10, 2012, provides mother with primary physical custody of the minor children. Father has partial custody every other weekend from Friday at 7:30 p.m. until Sunday at 8:00 p.m. and every Wednesday from 4:00 p.m. until 8:00 p.m. Father additionally has custody on alternating Sundays from 1:15 p.m. until 8:00 p.m.

Analogous with many divorce cases, there is also an existing support action between the parties. The current support order requires husband to pay Wife $569.29 per month in child support and $205.15 per month in spousal support, for a total support obligation equaling $774.44 each month. Husband's monthly spousal support obligation included an upwards mortgage adjustment deviation equaling $71.70. Pursuant to Rule 1910.16-6(e) of the Pennsylvania Rules of Civil Procedure, wife was responsible for making the mortgage payments, home insurance and associated taxes. On March 4, 2013, the

existing support order was modified to require mother to obtain health insurance for the minor children. Mother requested the modification due to communication problems with father regarding the children's health insurance.

On May 31, 2013 the court was presented with competing petitions for contempt and for special relief. In father's petition, father set forth allegations that mother failed to make the requisite payments on the mortgage pertaining to the marital residence and that mother failed to provide proof of payment for real estate taxes or homeowner's insurance for the marital residence. Alternatively, mother alleged that father purchased an iPod for their oldest child, Paydon, and instructed Paydon to withhold account information for the iPod from mother. Mother stated that father provided Paydon with internet access to social media applications mother characterized as inappropriate. Mother also alleged that father makes disparaging comments about her in front of their children.

Father additionally presented a motion to compel production of documents and for special relief on May 31, 2013, which the court granted in part and denied in part. The court granted father's request for complete, detailed and verified response to defendant's first request for production of documents and for a walk-through of the marital residence. Father also requested the court to direct the parties to mutually agree upon a real estate appraiser and split the costs associated with an appraisal of the marital residence; the court denied this request.

Mother subsequently requested this court to reconsider its order granting father's request to walk through the

marital residence and inspect the same prior to the case proceeding to equitable distribution. The court granted Mother's request for reconsideration. The court heard testimony regarding all of the pending petitions on July 31, 2013.

The testimony established that father is consistent on his support payments. There is an existing arrearage order, but it is the result of a retroactive implementation date. Mother is responsible for making the monthly mortgage payment, but she has not met her obligation. Mother reasoned that her efforts to bring the mortgage current have been refused by the bank because mother and father are acting unilaterally. Mother stated that she did not provide father with verification of the children's health insurance, but mother stated that her oversight was not intentional. She had been overwhelmed by other issues involving the children. No testimony was presented in regards to real estate taxes or homeowner's insurance for the marital residence.

With respect to mother's petition for contempt, the testimony establishes the following facts: When the parties' oldest child, Paydon, was 8 years old, father's mother and sister purchased an iPod for Paydon. At some point, father registered her iTunes account on Paydon's iPod so that Paydon could download applications, commonly referred to as apps, on her iPod. Mother knew Paydon was in possession of the iPod, but she was informed by Paydon that her father and aunt told her not to share her account information with mother. Mother chose to be complacent about this request. Father stated that he closely monitored

Paydon when she was using the iPod. Mother stated that Paydon also used the iPod at her residence, and mother provided Paydon with Wi-Fi[1] access when Paydon was home with her. Mother was unaware, however, that Paydon had an iTunes account on her iPod.[2]

In April, 2013, Father approached mother to inform her that he discovered that Paydon established an Instagram[3] account and posted pictures of herself on the account. Father and Mother both discovered that inappropriate comments were posted as well. Mother additionally discovered that an older man, who had no connection to Paydon or to the parties, was following Paydon's posts. Mother and father discussed this issue over the course of two weeks via e-mail, but they were unable to reach an agreement on how to resolve the problem. The court ultimately intervened and directed the iPod to be provided to attorney Shaw, the children's guardian ad litem, until a hearing was conducted. Prior to the hearing, and after the iPod was provided to attorney Shaw, father purchased an iPhone for Paydon. Father stated that he purchased the iPhone so that he could call Paydon and so that Paydon could continue to play games and listen to music. Father

---

1. Wi-Fi is a popular technology that allows an electronic device to exchange data or connect to the internet wirelessly using radio waves. A device that can use Wi-Fi, like an iPod, can connect to a network resource such as the Internet via a wireless network access point.

2. On devices such as an iPod, iPod or iPhone, an iTunes account must first be set up and resigistered with the device in order for a user to download applications. While the devices still have internet accessibility without an account being created, applications are not available.

3. Instagram is an online photo-sharing, video-sharing and social networking service that enables its users to take pictures and videos and share them on a variety of social networking services, such as Facebook, Twitter, Tumblr and Flickr.

additionally stated that he purchased Paydon an iPhone because the court took away Paydon's iPod.

Mother was very upset when she learned father provide Paydon with an iPhone. Mother asserted that father ignored the court's directions and circumvented its intentions by making such a purchase. Mother believes father opened the door to a plethora of problems by permitting his sister to establish an iTunes account on Paydon's iPod. Mother believes father's contemptuous behavior is further exemplified by his subsequent purchase of an iPhone for Paydon.

Alternatively, father stated that he continues to closely monitor Paydon when she uses the iPhone. Father set up specific safety provisions on the iPhone, through Verizon, to limit Paydon's access to inappropriate applications and overall access. Father stated that he and his sister are the only individuals who have the account information. Father argues that the problem lies in mother's failure to properly supervise Paydon when using such devices, and father sees no problem with Paydon actually possessing an iPod or iPhone. Father supported his assertions by establishing that many of the inappropriate applications were downloaded onto Paydon's iPod when mother had custody of Paydon or while Paydon was at daycare.

When considering a petition for civil contempt of court, the Pennsylvania courts have consistently stated that:

Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the

administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellant [sic] court must place great reliance upon the discretion of the trial judge. On appeal from a court order holding a party in contempt of court, our scope of review is very narrow. We are limited to determining whether the trial court committed a clear abuse of discretion.

*Langendorfer v. Spearman*, 797 A.2d 303, 307-08 (Pa. Super.2002) (quoting *Garr v. Peters*, 773 A.2d 183, 189 (Pa. super.2001)).

In order to sustain a finding of civil contempt, the complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which she is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. *Stahl v. Redcay*, 897 A.2d 478, 489 (Pa. Super. 2006).

After thoroughly reviewing the evidence presented, in addition to the court's files, it is apparent that this case has an acrimonious history. Mother and father have been before the court on multiple occasions for contempt proceedings. The issues constantly involve their children, and the parties are unable to act appropriately even when doing so is clearly in the children's best interests. Mother and father acknowledge that they are unable to communicate even regarding issues directly affecting their minor children.

The court finds that neither party satisfied their burden of establishing that the other acted with wrongful intent, which must be proven to sustain an allegation of contempt. Fortunately, however, the parties' petitions were simultaneously presented in the form of petitions for special Relief, thereby invoking the equitable powers of the court. *See Prol v. Prol*, 935 A.2d 547, 553 (Pa. Super. 2007) (citing *Johnson v. Johnson*, 864 A.2d 1224 (Pa. Super.2004), *appeal denied*, 878 A.2d 865 (Pa. 2005)).

In disposing of father's petition for contempt and for special relief, the court believes that it is necessary for wife to bring the mortgage current on the marital residence. The court is unaware of the totality of the parties' marital estate, but the court believes that it is completely irresponsible to lose such a significant asset to foreclosure. Mother and father must work together, through their counsel if necessary, so that mother can make all necessary arrangements to bring the mortgage current.

With respect to mother's failure to provide father with the children's health insurance information, mother is admonished for her oversight. The court finds mother's non-feasance to be even more disparaging after considering the fact that mother specifically requested to be responsible for obtaining health insurance for the children because of Father's failure to communicate appropriately and provide Mother with necessary information. Mother has provided Father with verification of insurance for the children, prior to the July 31, 2013 hearing, and for this reason alone the Court finds it unnecessary to sanction mother.

Mother's petition for contempt and for special relief presents a more complicated set of facts. Father permitted Paydon to have an iPod and an iPhone. Father's sister established an iTunes account on each device, with father's permission, without discussing the decision with mother or informing or permitting mother to have access to the account information. Alternatively, mother allowed Paydon to operate the iPod in her residence unsupervised with Wi-Fi connectivity.

The parties' inability to communicate with respect to these devices, places Paydon's safety and well-being in jeopardy because there is no consistence when monitoring Paydon's internet use. On one hand, mother unilaterally blames father for providing Paydon with the devices and not discussing his decisions with mother. Father blames mother for providing Paydon with access to her Wi-Fi account, and not monitoring Paydon when she used the iPod. Moreover, father refuses to provide mother with account information so that she has some level of control when Paydon did use the iPod in her home. The parties are clearly unable to accept responsibility for their own faults and consistently blame the other parent. The parties' stubborn attitudes place the court in a position where it has to micro-manage their parenting choices. Because Padyon's safety has already been placed at risk, neither party can purchase or provide Paydon or Timothy with an iPod, iPhone or other such electronic device. Until the parties can mutually agree on these types of purchases, and provide each other with the corresponding account information and passwords, the minor children will not be permitted to have access to these types of devices.

The court will dispose of father's motion to compel production of documents in the attached order of court, which corresponds to this opinion.

## ORDER OF COURT

And now, this 6th day of August, 2013, with this case being before the court on competing petitions for contempt and for special relief and on defendant's motion to compel production of documents and for special relief, with the plaintiff, Heather D. Greathouse, appearing and being represented by Susan M. Papa, Esquire, and with the defendant, Stanley L. Greathouse, III, appearing and being represented by Michael G. Dailey, Esquire, and consistent with the corresponding opinion, the court hereby orders and decrees as follows:

1. Plaintiff's petition for contempt and for special relief is granted in part and denied in part as follows:

a. Plaintiff's petition for contempt is denied.

b. Plaintiff's petition for special relief is granted. The parties are prohibited from providing their minor children with smart phones, iPods, tablets or other electronic devices unless the parties can mutually agree upon the purchase and provide each other with all relevant account information.

c. Plaintiff and defendant are prohibited from permitting any other person from purchasing these types of electronic devices or from establishing accounts on existing devices for the minor children.

2. Defendant's petition for contempt and for special

relief is granted in part and denied in part as follows:

a. Defendant's petition for contempt is denied.

b. Defendant's petition for special relief is granted. Plaintiff shall immediately bring the mortgage on the marital residence current. Defendant is directed to cooperate with plaintiff and the mortgage lender to assist plaintiff in this regard.

c. Plaintiff is further directed to provide defendant with an updated copy the children's medical insurance cards if not already provided.

3. Defendant's motion to compel production of documents and for special relief is granted pursuant to the following provisions:

a. Plaintiff shall immediately supplement the discovery provided to defendant on June 26, 2013 by filing a verification attesting to the same, pursuant to Rule 4007.4 of the Pennsylvania Rules of Civil Procedure.

b. Defendant's request to conduct a walk-through of the marital residence is granted, pursuant to Rule 4009.27. Defendant's request shall be limited to common areas of the marital residence, such the living room, kitchen, dining room, etc., and shall not include plaintiff's bedroom, personal bathroom or personal effects. Defendant shall be accompanied by a constable while completing the walk-through.

c. Plaintiff shall compose an inventory of defendant's possessions remaining in the marital residence within

seven (7) days from the date of this order.

d. Defendant is directed to make arrangements, through counsel if necessary, to obtain his personal property located in the marital residence.

e. Defendant is permitted to have the marital residence appraised. Defendant shall be responsible for all costs associated with the appraisal.

4. All pending requests for sanctions and attorney's fees made on behalf of the respective parties are denied.

5. In reviewing the domestic relations case, the court determined that defendant continued to receive a downward deviation for health insurance premiums paid on behalf of the minor children subsequent to the modification directing plaintiff to obtain health insurance. The domestic relations case is therefore remanded to the Domestic Relations Section of Lawrence County for a review conference, which shall be scheduled by Domestic Relations at its earliest convenience.

6. All prior orders of court, not inconsistent with this order of court, shall remain in full force and effect.

7. The prothonotary shall properly serve notice of this order of court upon counsel of record for the parties and upon any unrepresented party at their last known address as contained in the court's file.